UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:23-cv-03438-SSS-KKx | Date | September 18, 2023 |
|---|---|---|---|
| Title | *Annette Cody v. P.C. Richards and Son Service Company, Inc.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE REMANDED**

Federal district courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Lack of subject matter jurisdiction may [] be raised by the district court *sua sponte*." *Allen v. Santa Clara Cnty. Correctional Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal 2019) (citing *Ruhgrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). If at any time before final judgment the district court determines it lacks subject matter jurisdiction over a removed action, the district court must remand the case. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of showing removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

For putative class actions, subject matter jurisdiction can be established under 28 U.S.C. § 1332(a) or 28 U.S.C. 1332(d). Under 28 U.S.C. § 1332(a), the general diversity statute, district courts have "original jurisdiction" over all civil actions where (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity amongst the litigants. 28 U.S.C. 1332(a). Under 28 U.S.C. 1332(d), also known as the Class Action Fairness Act ("CAFA"), district courts

have original jurisdiction over any civil action where (1) the amount in controversy exceed $5,000,000 and (2) at least one member of the plaintiff class is diverse from any defendant. 28 U.S.C. 1332(d); *Kerzner v. King*, No. 14-CV-01432-JAK-SH, 2014 WL 12560698, at *1 (C.D. Cal. Mar. 19, 2014).

To establish diversity jurisdiction in a putative class action under 28 U.S.C. 1332(a), the named plaintiff's claim must exceed the $75,000 minimum. *Gibson v. Chrysler Corp.*, 261 F.2d 927, 938 (9th Cir. 2001). Moreover, when removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Courts in the Ninth Circuit, "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566 (1992).

Here, Defendant seeks removal under 28 U.S.C. 1332(a). [Dkt. 1 at 3].[1] However, the Court does have concerns regarding the sufficiency of the amount in controversy. Defendant contends the amount in controversy is met because Plaintiff alleges "numerous independent and discreet violations," each of which would result in a $5,000 fine, of California Penal Code Sections 631 and 632.7. [Dkt. 1 at 6]. Defendant's argument is in direct conflict with Plaintiff's Complaint in which Plaintiff alleges, "the amount in controversy does not exceed 75,000." [Dkt. 1-1 at 7]. As mentioned prior, courts generally take the sum demanded in a complaint to be the amount in controversy. 28 U.S.C. § 1446(c)(2).

As the Court understands the arithmetic in this case to work, to establish the $75,000.01 minimum in this case Defendant must allege the named Plaintiff suffered at least 16 separate violations of the relevant statutes. Instead of alleging the required number of violations with sufficient particularity, Defendant seems to rely on Plaintiff's usage of plural nouns, such as "conversations" or "intrusions," in the Complaint. [Dkt. 1 at 6]. The Court notes that the usage of plurals, of course, could denote two, three, four, or five conversations or intrusions with or by Defendant as well as the requisite 16. Defendant's reliance on the usage of plurals seems particularly weak given the Complaint asserts Plaintiff "conducted **a** brief conversation [emphasis added]," rather than multiple conversations, with Defendant. [Dkt. 1-1 at 3]. Thus, because Defendant does not seem to allege facts

---

[1] The Court is satisfied with Defendant's allegations that complete diversity exists because Plaintiff self-identifies as a California citizen, and Defendant is incorporated in New York. [Dkt. 1 at 3].

sufficient to show 16 separate violations of the relevant statutes, the Court questions if Defendant has met the amount in controversy requirement for removal under diversity jurisdiction.

Because the Court is concerned it lacks subject matter jurisdiction over the pending matter, the Court **ORDERS** Defendant to show in writing why the case should not be remanded.  **The Parties shall file their response to this order no later than September 29, 2023.**  The Court further sets a hearing regarding this Order to Show Cause on **October 6, 2023, at 1:00 PM** via Zoom.[2]

**IT IS SO ORDERED.**

---

[2] The Court refers the Parties to Judge Sykes' website for details regarding hearings via zoom: https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.