JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY,<br><br>             Plaintiff,<br><br>    v.<br><br>P.C. RICHARD AND SON SERVICE COMPANY, INC.,<br><br>             Defendant. | Case No. 2:23-cv-03438-SSS-KKx<br><br>**ORDER REMANDING CASE TO STATE COURT *SUA SPONTE*** |

On September 18, 2023, the Court issued an order to show cause as to why the matter should not be remanded (the "OSC"). [Dkt. 31]. On September 29, 2023, Defendant P.C. Richard and Son Service Company, Inc., ("P.C. Richard") filed its response to the OSC [Dkt. 32], and Plaintiff Annette Cody ("Cody") filed her response in support of P.C. Richard's response. [Dkt. 33]. This matter is fully briefed and ripe for review. For the reasons set forth below, the Court finds it lacked subject matter jurisdiction over the complaint at the time of removal and therefore **REMANDS** the case to state court.

**I.   BACKGROUND**

On April 5, 2023, Cody filed a complaint against P.C. Richard in the Superior Court of California for the County of Los Angeles. [Dkt. 1 at 2]. In

her initial complaint, Cody brought claims in her individual capacity against P.C. Richard for violations of the California Invasion of Privacy Act ("CIPA"), specifically for violations of Cal. Penal Code §§ 631 and 632.7.[1]  [Dkt. 1-1 at 8–10].  On May 5, 2023, P.C. Richard removed this action to federal court. [Dkt. 1].  On May 17, 2023, Cody amended her complaint (the "FAC") to be a putative class action where jurisdiction in this Court is allegedly proper under the Class Action Fairness Act ("CAFA").[2]

As the Court discussed in its OSC, P.C. Richard alleged removal was proper under 12 U.S.C. § 1332(a) because the Parties are completely diverse and the amount in controversy exceeds $75,000.  [Dkt. 1 at 3].  Because the Court was concerned about P.C. Richard's ability to meet the jurisdictional requirements, it issued the OSC directing P.C. Richard to show cause why the case should not be remanded.  [Dkt. 31].

P.C. Richard responded to the OSC by arguing the Court's "jurisdictional concerns are unfounded for multiple reasons."  [Dkt. 32 at 2].  More specifically, P.C. Richard argues the FAC, rather than the state court complaint, is determinative of the jurisdictional analysis such that the Court need only concern itself with the sufficiency of CAFA jurisdiction rather than jurisdiction under 12 U.S.C. § 1332(a).[3]  *Id.*

---

[1] Cody's state court complaint reads, "[p]laintiff brings this lawsuit as an individual action[,] … [and] the amount in controversy does not exceed $75,000."  [Dkt. 1-1 at 7].
[2] Cody's FAC alleged jurisdiction was proper under 28 U.S.C. 1332(d)(2) because there are 100 or more class members, the aggregate amount in controversy exceeds five million dollars, and there is minimal diversity between the parties.  [Dkt. 32 at 2–3].
[3] While the burden of establishing removal jurisdiction is on P.C. Richard, *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006), Cody advances a near identical argument to this by asserting the FAC is the "operative pleading."  [Dkt. 33 at 8].

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . .." The removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015). District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

"[T]he Circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot effect whether a case is removable[.]"); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 381 (2016); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he core principle of federal removal jurisdiction on the basis of diversity–namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effective.")

As one prominent secondary source for this jurisdiction stated, "amendments made after removal do not confer federal jurisdiction where no "'federal question'" or "'diversity'" claim was present at the time of removal." Karen L. Stevenson & James E. Fitzgerald, *Rutter Group Practice Guide:*

-3-

*Federal Civil Procedure Before Trial* §2:2419 (Cal. & 9th Cir. ed. Apr. 2023) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)). For purposes of this order, the Court will refer to the above rule as the *Sparta* Rule.

While the *Sparta* Rule is generally applicable, the Ninth Circuit has, in some circumstances, deviated from it and considered post-removal amended pleadings when determining if jurisdiction exists. *See, e.g.*, *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (finding the addition of an ADA claim after removal created federal question jurisdiction); *Roessert v. Health Net*, 929 F. Supp. 343, 349 (N.D. Cal. 1996) (considering a plaintiff's amended complaint in its remand analysis because plaintiff was *pro se* and the court ordered the plaintiff to amend the complaint with the assistance of counsel to clarify jurisdiction); *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015) (holding "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA.").

### III. DISCUSSION:

#### A. P.C. RICHARD'S ARGUMENTS

##### 1. P.C. Richard's Reliance on *Chabner* Is Improper

The success of P.C. Richard's argument rests on whether *Chabner* controls in this instance. For the reasons stated below, the Court finds *Chabner* does not control such that the Court elects to consider the complaint as it existed at the time of removal for purposes of determining if removal is proper.

In *Chabner*, the plaintiff filed his complaint in California Superior Court, and the defendant later removed the action to federal court. *Chabner,* 225 F.3d at 1046. After removal, the plaintiff amended his complaint to include an ADA claim. *Id*. After that amendment, the district court granted the plaintiff's motion for summary judgment and eventually entered final judgment after

dismissing the plaintiff's remaining claims. *Chabner,* 225 F.3d at 1046. On appeal, the Ninth Circuit noted in a footnote ("Footnote Three") that the plaintiff's amendment to include an ADA claim created a federal question such that any defect with removal was inconsequential because the district court had jurisdiction at the time it "entered judgment." *Id*. at 1046 n.3.

In so holding, the Ninth Circuit explicitly relied upon Supreme Court cases which held an "erroneous removal" does not render a final judgment void. *Id*. (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *Grubbs v. Gen. Elec. Credit Corp*., 405 U.S. 699, 705 (1972)). A key factual touchstone of those cases was that the district courts had already entered judgment for a party such that, on appeal, "considerations of finality, efficiency, and economy bec[ame] overwhelming" so as to justify not remanding the case for lack of jurisdiction at the time of removal. *Caterpillar*, 518 U.S. at 76 & 66; *Grubbs*, 405 U.S. at 701 ("The case was ultimately tried to the district court without a jury.").

Here, the Court declines to apply *Chabner* to the present case. The text of Footnote Three itself makes clear that the Ninth Circuit gave weight to the fact that judgment had been entered.[4] As described above, Footnote Three rests almost entirely on cases that carve out an exception to the *Sparta* Rule because a final judgment had been entered and, prior to the judgment, the jurisdictional deficiency had been cured. *Caterpillar*, 519 U.S. at 73 ("The jurisdictional defect was cured … before the trial commenced."); *Grubbs*, 405 U.S. at 705. Unlike those cases, *Chabner*, *Caterpillar*, and *Grubbs*, the Court in this case has not entered a final judgment, or any judgment for that matter, for either party.

---

[4]*Chabner*, 225 F.3d at 1046 n.3 ("In this case, because the ADA claim raised a federal question, subject matter jurisdiction existed *at the time the district court entered judgment*. Therefore, this case was properly in federal court." [emphasis added]).

As such, the Court notes that the "considerations of finality, efficiency, and economy" are not as overwhelming here as they were in *Caterpillar*. *Caterpillar*, 518 U.S. at 76. Therefore, deviance from the *Sparta* Rule is not justified in this case.

Similarly, P.C. Richard's reliance on *Singh v. America Honda Finance Corp.*, 925 F.3d 1053 (9th Cir. 2019), and *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.2d 938 (9th Cir. 2014), suffers from the same defect as its reliance on *Chabner*. In *Singh*, the Ninth Circuit held voluntarily amending a complaint to include a federal cause of action can establish subject matter jurisdiction such that any defect in removal is mooted. *Singh*, 925 F.3d at 1070. In so doing, the Ninth Circuit again emphasized the importance of the lower court's entry of final judgment.[5] More specifically, the Ninth Circuit noted in relevant part:

> "We hold that the district court did not have subject-matter jurisdiction over this action at the time of removal because CAFA's home state exception barred the exercise of jurisdiction. However, the district court had subject-matter jurisdiction at the time it rendered a final decision on the merits, because Singh voluntarily amended his complaint to assert a federal TILA claim. "To wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). We decline to impose such a cost." *Singh*, 925 F.3d at 1058.

---

[5] *Singh*, 925 F.3d at 1070 (In discussing the approach required under various Supreme Court cases to determine if a case should be remanded for lack of subject matter jurisdiction at the time of removal, the *Singh* Court phrased portions of the test as considering if a defect was "properly cured before the entry of final judgment.").

Similarly, in *Retail Property Trust*, the Ninth Circuit held the plaintiff's second amended complaint created subject matter jurisdiction where the lower court had dismissed the plaintiff's claims with prejudice. *Retail Prop. Tr.*, 768 F.3d at 949 n.6 & 945. Thus, as was the case with *Chabner*, *Caterpillar*, and *Grubbs*, both *Singh* and *Retail Property Trust* were cases in which the lower court had entered a final judgment against a party despite removal possibly being improper. This Court finds the above cases stand for the proposition that absent a lower court entering a judgment against a party, the "considerations of finality, efficiency, and economy" that would justify a departure from the *Sparta* Rule are not present.

The Ninth Circuit decision in *Libhart* is instructive as to the distinctions in the case law discussed above. In *Libhart*, the Ninth Circuit noted as follows:

> "The Supreme Court has recognized certain circumstances where a judgment of a district court may be upheld, even though there was no right to removal, if (1) the case is tried on the merits; and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). However, that situation did not exist in this case, for the action had not proceeded to trial on the merits." *Libhart*, 592 F.2d at 1066.

Like in *Libhart*, the Court has not entered a final judgment in this case. As such, the Court declines to apply those cases that would result in the Court ignoring a lack of a right of removal.[6] *Id*. Thus, the Court declines to apply the cases set out above.

---

[6] The Court also notes that, like the *Chabner* Court, the Court is concerned by Cody's FAC because it can be seen as a means of forum shopping. While the *Chabner* Court was concerned about complaints that were intended to destroy jurisdiction so as to force remands, the Court notes that at the heart of that concern is a fear of plaintiffs manipulating complaints in order to forum shop. *Chabner*, 225 F.3d at 1046 n.3. Here, while Cody amended her complaint to

### 2. P.C. Richard's Reliance on *Benko* Is also Misplaced

P.C. Richard also contends more generally that a Court may look to post-removal amendments of pleadings when determining if remand is proper. [Dkt. 32 at 4]. In support of this proposition, P.C. Richard cites *Benko v. Quality Loan Service Corp.*, 789 F.3d at 1117 (9th Cir. 2015) (noting a court may consider an amended complaint where the amendment occurred to explain "the nature of the action for purposes of [the court's] jurisdictional analysis"). However, P.C. Richard's argument does not fairly address more modern Ninth Circuit cases that narrow and clarify *Benko*'s reach.

In *Broadway Grill*, the Ninth Circuit clarified *Benko* allows plaintiffs to amend their complaints to "explain[] the impact of the [original] complaint's allegations," but not to "change the nature of the claims." *Broadway Grill*, 856 F.3d at 1279. As Judge Carney put it, "*Benko* held that '"plaintiffs should be permitted to amend a complaint after removal to *clarify* issues pertaining to federal jurisdiction under CAFA [emphasis added].'" *Lopez v. Aerotek, Inc.*, No. 14-cv-00803, 2017 WL 253948 (C.D. Cal. Jan. 19, 2017) (citing *Benko*, 789 F.3d at 1117). As to the definition of a permissible clarification that would allow the Court to consider the amended pleading, various courts have held that an amendment changing "the description of a party from '"resident"' to '"citizen"' was a mere clarification." *Alivera v. Swift Transp. Co. of Ariz.,* No. 18-cv-2329, 2019 WL 486161, at *4 (C.D. Cal. Feb. 7, 2019) (collecting cases).

Here, Cody's amendments are "much more significant than those commonly considered clarifications." *Id*. Cody's amendments transformed what was an action brought in her own individual capacity valued at under $75,000, to an action that was brought on behalf of a class of at least 100 people

---

clearly state federal jurisdiction, doing so where removal is improper is a means of forum shopping.

-8-

valued at, at least, five million dollars. [Dkt. 1-1 at 7; Dkt. 12 at 2–3]. Because Cody's FAC radically changes the nature of the claims, rather than explain the impact of the original complaint's allegations, the Court declines to apply *Benko* here and considers the original complaint in its remand analysis.[7]

### B. Plaintiff Cody's Arguments

The Court now turns to Cody's argument in support of P.C. Richard's removal of Cody's complaint.[8] Cody alleges P.C. Richard met its burden because P.C. Richard asserted Cody would be entitled to attorney's fees. [Dkt. 1 at 27]. More specifically, Cody herself alleges that she might be entitled to attorney's fees under California's "private attorney general doctrine." [Dkt. 33 at 6]. Cody's argument fails for a variety of reasons.

As discussed below, the propriety of removal is to be determined based on the pleadings as they existed at the time of removal. *Broadway Grill*, 856 F.3d at 1277. Cody's original complaint contains no mention of attorney's fees or a right to attorney's fees under the "private attorney general doctrine." [Dkt.1-1]. Because this allegation as to the amount in controversy was not in

---

[7] P.C. Richard's reliance on *Roessert* is also misplaced because the "unique circumstances" justifying the district court's review of the amended pleading there are not present here. *Roessert*, 929 F.Supp. at 349 (the district court reviewed an amended complaint because the plaintiff was *pro se*, the court had ordered the plaintiff to amend, and the original complaint was unclear if jurisdiction was proper). P.C. Richard's reliance on *Candy v. 474 Club LLC* is also improper because the original complaint here included facts, such as the estimation of the amount in controversy and the citizenship of the Parties, that were probative of the availability of removal jurisdiction. *Candy v. 474 Club LLC*, No. 06-222-S-EJL, 2007 WL 1381806, at *3 (D. Idaho Jan 31, 2007) (holding where the state court complaint is silent as to certain jurisdictional requirements, a district court can consider later-filed amendments when determining jurisdiction). [Dkt.1-2 at 6–10].

[8] The Court notes that its concerns regarding Cody's possibly forum shopping motivations seems to be confirmed by Cody's arguments in support of P.C. Richard. [Dkt. 33 at 5].

the originally complaint, the Court will not consider it. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (noting a court should look at the face of the complaint when determining if diversity jurisdiction exists). To the extent that Plaintiff relies on *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018), to contend the Court should consider future attorney's fees, the Court emphasizes in *Fritsch* the plaintiff "demanded attorney's fees" in the complaint whereas Cody did not. [Dkt. 1-1].[9] The cases are thus readily distinguishable on their facts, and the Court declines to apply *Fritsch*.

      The Court also highlights that Cody's arguments fundamentally recasts her entire complaint to present clear grounds for removal. In the initial complaint, Cody stated clearly "the amount in controversy does not exceed 75,000.00." [Dkt. 1-1 at 15]. Now, Cody argues the jurisdictional amount in controversy is met because a separate unpled statute, Cal. Civ. Proc. Code § 1021.5, "surely allows for the potential recovery of attorneys' fees if the requirements of that statute are met." [Dkt. 33 at 5]. Setting aside the fact that Cody had to qualify that she would only be entitled to attorney's fees "if the requirements" of the statute was met, Cody did not plead a cause of action or even mention Cal. Civ. Proc. Code § 1021.5 in her initial complaint. *Id*.

---

[9] Cody also argues the Court is "bound" by Ninth Circuit precedent which holds "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy." [emphasis added]." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court notes that as the Ninth Circuit used the permissive "may" in the above case, the language does not impose on this Court an absolute duty to include attorney's fees in the amount in controversy calculation. Moreover, *Galt*'s holding is clearly limited to "underlying statute[s]," and here Cody admits CIPA has no fee shifting provisions that would allow her to seek awards of attorney's fees. [Dkt. 33 at 5].

Because the claim for attorney's fees under Cal. Civ. Proc. Code § 1021.5 was not within the operative pleading at the time of removal, the Court declines to consider it. *Broadway Grill*, 856 F.3d at 1277. Thus, despite Cody's efforts to recast her complaint, the Court finds the complaint as it existed at the time of removal determines its jurisdictional analysis, and P.C. Richard failed to meet the jurisdictional threshold under 12 U.S.C. § 1332(a).

### C. Binding Ninth Circuit Precedent Requires Removal Jurisdiction to be Determined at the Time of Removal in this Case

Having established why *Chabner* does not control in this case, the Court now turns to the applicable law. 28 U.S.C. § 1447(c) provides "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because "removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress," the Court looks to federal law to determine if the requirements for removal have been met." *Libhart*, 592 F.2d at 1065. In the Ninth Circuit, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams*, 471 F.3d at 976.

Here, Cody's original complaint in state court was brought in her individual capacity and alleged violations of CIPA. [Dkt. 1-1 at 8–10]. P.C. Richard removed this action under the general diversity statute which requires P.C. Richard to sufficiently allege (1) complete diversity of the parties and (2) that the amount in controversy exceeds the $75,000 minimum. *Id*. at 3. In its OSC, the Court explicitly stated it had "concerns regarding the sufficiency of the amount in controversy," referring clearly to the $75,000 minimum required under 28 U.S.C. § 1332(a). [Dkt. 31]. P.C. Richard's response fails to address this specific concern in any way as P.C. Richard elected to advance an argument that the Court's concerns were unfounded. [Dkt. 32 at 2].

Because P.C. Richard failed to address if they did in fact meet the amount in controversy requirement under 28 U.S.C. § 1332(a), the Court finds, for the reasons stated in the Court's OSC [Dkt. 31], P.C. Richard failed to show the sufficiency of the amount in controversy. As such, the Court lacks subject matter jurisdiction over the present case.

## IV. CONCLUSION

While the case at hand presents seemingly unique factual circumstances, in that Cody amended the complaint to allege CAFA jurisdiction where P.C. Richard removed originally on diversity grounds, and the Court has yet to enter a judgment in this case, the Court concludes the propriety of removal is to be determined based on the initial complaint rather than the FAC.

To hold otherwise would be to simply allow a different species of forum shopping, one where defendants remove improperly, and plaintiffs elect for one reason or another to stay in federal court.[10]  While P.C. Richard has made clear its intent to remove again as soon as the case is remanded, such a threat does not change the Court's opinion here.  [Dkt. 32 at 9].  The law of the Ninth Circuit dictates that unless the narrow exceptions carved out in *Chabner* and *Benko* apply, removability is to be determined based on the pleadings at the time of removal.  *Broadway Grill*, 856 F.3d at 1277.  This Court gave P.C. Richard an opportunity to supplement and explain their Notice of Removal, and P.C. Richard failed to do so.  If P.C. Richard elects to remove again, that is in its prerogative.

---

[10] To the extent this decision creates inefficiencies, the Court notes it is not the role of the Court to grant its litigants the easiest path to the forum of their choice. Rather, it is the role of the Court to ensure that the laws of this circuit are faithfully and dutifully adhered to. Here, the law mandates a different result than what P.C. Richard desires.

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Here, P.C. Richard failed to show the amount in controversy exceeded the $75,000 minimum. As such, P.C. Richard has not established diversity jurisdiction under 12 U.S.C. § 1332(a). Because the court lacks subject matter jurisdiction based on the documents filed at the time of removal, the Court **REMANDS** the case to state court. 28 U.S.C. § 1447(c). The Clerk of Court is hereby directed to **REMAND** the case to the Superior Court of California for the County of Los Angeles.

**IT IS SO ORDERED.**

DATED: October 18, 2023

SUNSHINE S. SYKES
United States District Judge